UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMERO T. MOSES,

                Plaintiff,                    Case No. 1:15-cv-260

v.                                          Honorable Janet T. Neff

MELINDA BRAMAN et al.,

                Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Traylor.  The Court will serve the complaint against Defendant Braman.

**Discussion**

I.      Factual allegations

Plaintiff Jamero T. Moses presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF), though the actions about which he complains occurred while he was housed at the Richard A. Handlon Correctional Facility (MTU). Plaintiff sues MTU Deputy Warden Melinda Braman and Transfer Coordinator Charles C. Traylor.

Plaintiff alleges that, on May 20, 2014, he filed a grievance against MTU Librarian Ms. Y. Rose for denying him copies of a document, which he intended to attach to a motion requesting an expedited hearing in *Heard et al. v. Finco et al.*, No. 1:13-cv-373 (W.D. Mich). Plaintiff ultimately filed his motion and attachment, but he was unable to serve a complete copy of the pleading on the defendants in that action.  Plaintiff also mailed a letter that same date to the judge in Case No. 1:13-cv-373, informing him that he had only incomplete copies for service.  (Ex. B to Compl., docket #1-1, Page ID#12.)  On May 27, 2014, Plaintiff sent a "Ramad[a]n & Id Al-Fitr Proposal" to Defendant Braman, as well as the MTU warden, Aramark food service, the MTU chaplain, and the MDOC Special Activities Coordinator, in which he advised the officials of certain court rulings concerning the Ramadan diet, including *Heard*, No. 1:13-cv-373.  (Ex. F to Compl., docket #101, Page ID##22-27.)

Defendant Braman rejected Plaintiff's grievance against Rose on June 9, 2014.  The following day, on June 10, 2014, Defendant Braman completed and signed a Security Classification Screen Review on Plaintiff, for the purported purpose of transferring him.  (Ex. D to Compl., docket #1-1, Page ID##16-17.)  Plaintiff was transferred to KCF.  Plaintiff contends that the transfer places him at a much more dangerous institution and that he now is located five hours from his

family, which significantly impairs his visitation rights.  Plaintiff alleges that his grandmother, who is Plaintiff's primary family support, suffered a stroke before his transfer, so she is unable to visit him at KCF.  Plaintiff attaches to his complaint the affidavit of another prisoner, who avers being told by the MTU chaplain that Plaintiff was transferred because MTU does not keep prisoners who are perceived to be litigators.  (Ex. G to Compl., docket #1-1, Pae ID##28-30.)

Plaintiff alleges that Defendants transferred him in retaliation for his internal complaints and his lawsuit.  He seeks compensatory and punitive damages and injunctive relief.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also*

-4-

*Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Plaintiff fails to even mention Defendant Traylor in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, assuming that Plaintiff intends to allege that Defendant Traylor, as MTU Transfer Coordinator, played a role in Plaintiff's transfer, he fails to state a retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id.*

The filing of a lawsuit or a grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Shehee v. Luttrell*, 199 F.3d 295, 300-01 (6th Cir. 1999).  Moreover, a transfer to a less desirable facility in the Upper Peninsula far away from Plaintiff's relatives, arguably may amount to adverse action.  *See Pasley v. Conerly*, 345 F. App'x 981 (6th Cir. 2009) (holding that a threat to transfer a prisoner to another institution far from his family was sufficiently adverse to be actionable).  Nevertheless, Plaintiff's conclusory allegations fall far short of demonstrating the necessary causal connection between his protected conduct and

Defendant Traylor.  It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985).  "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108.  "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).  Plaintiff merely alleges the ultimate fact of retaliation in this action.  He has not presented any facts to support his conclusion that Defendant Traylor even knew about his grievances and lawsuits or retaliated against him because he filed a grievance or a lawsuit against some other officer.  Accordingly, he fails to state a claim against Defendant Traylor.

Upon review, the Court concludes that Plaintiff has alleged sufficient facts to warrant service of his retaliation claim against Defendant Braman.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Traylor will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Braman.

An Order consistent with this Opinion will be entered.


Dated: __April 16, 2015_____          __/s/ Janet T. Neff_____
                                             Janet T. Neff
                                             United States District Judge