UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO MOSES #231885,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                              Case No. 1:15-cv-260

MELINDA BRAMAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 32). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff alleges the following in his complaint. (ECF No. 1). On May 20, 2014, Plaintiff filed a grievance against the librarian at the Richard Hanlon Correctional Facility (MTU) where he was then incarcerated. On May 27, 2014, Plaintiff submitted to MTU Deputy Warden Melinda Braman (and others) a proposal regarding Ramadan diet requests. On June 9, 2014, Braman denied Plaintiff's May 20, 2014 grievance. The following day, Braman secured Plaintiff's transfer to the Kinross Correctional Facility (KCF). This transfer constituted a danger to Plaintiff's health and safety and precluded visitation by Plaintiff's family. Plaintiff was later informed that he was transferred because he was perceived to be a litigator. Plaintiff initiated the present action against Deputy Warden Braman and Transfer Coordinator Charles Traylor alleging that he was transferred for unlawful retaliatory reasons.

Plaintiff's claim against Traylor was subsequently dismissed. Defendant Braman now moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff alleges that Defendant Braman authorized his transfer in retaliation for engaging in protected conduct. The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there

exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

The parties do not dispute that Plaintiff was engaged in protected conduct. As for the causation element, there exists a genuine factual dispute. Defendants have submitted evidence that Plaintiff was transferred because he had been approved to receive a religious diet that was not provided at the MTU facility. (ECF No. 33-2 at PageID.229-30, 232). Plaintiff, however, has submitted evidence that he was transferred "because he was seen as a litigator" and, moreover, was not approved to receive a religious diet until several months after his transfer from the MTU facility. (ECF No. 34-1 at PageID.277-78, 299-300). As Defendants have neither responded to nor refuted this evidence there exists a factual dispute regarding this element. Plaintiff's claim ultimately fails, however, because his transfer to the KCF facility was not sufficiently adverse to sustain a First Amendment retaliation claim.

In the context of a First Amendment retaliation claim, a prisoner is "expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility." *Hix v. Tennessee Department of Corrections*, 196 Fed. Appx. 350, 358 (6th Cir., Aug. 22, 2006) (citations omitted). Generally speaking, a transfer of a prisoner from one facility to another "does not constitute an adverse action since a transfer is merely an ordinary incident of prison life." *Jones v. Caruso*, 421 Fed. Appx. 550, 553 (6th Cir., Apr. 28, 2011) (citation omitted). The Sixth Circuit has recognized an exception to this general rule where the transfer caused "negative consequences" such as an impairment of the prisoner's ability to access the courts. *Id.* (citation omitted). However, a transfer to "a less desirable prison which was more restrictive" or which places the prisoner "further away from his family" are not sufficiently adverse consequences to deter a person

of ordinary firmness from engaging in constitutionally protected conduct. *See, e.g., Espree v. Burt*, 2016 WL 820943 (W.D. Mich., Feb. 12, 2016) (citations omitted).

Plaintiff alleges that the KCF facility is "more restrictive and disciplinary" and, furthermore, that his transfer placed him at a greater distance from his family and friends. (ECF No. 34 at PageID.251-52). Neither of these circumstances, however, are sufficient to maintain a First Amendment retaliation claim. Plaintiff also alleges that he lost his prison job as a result of his transfer, but testified in his deposition that he obtained another prison job following his transfer to KCF. (ECF No. 37 at PageID.318). In sum, while the Court is not unsympathetic to the impact of being transferred to a different correctional facility, there is no evidence that Plaintiff's transfer resulted in the type of consequences sufficient to maintain a claim of retaliation. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 32), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 3, 2016   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge