UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO T. MOSES,

    Plaintiff,

v.

MELINDA BRAMAN, et al.,

    Defendants.

_____/

Case No. 1:15-cv-260

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging a retaliation claim (retaliatory transfer) (Dkt 1). Defendant Braman, the remaining Defendant in this action, filed a motion for summary judgment (Dkt 32). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending Defendant's motion be granted (Dkt 39). The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 40). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objection and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's transfer to another prison did not constitute an adverse action (Pl. Obj., Dkt 40 at PageID.337; R&R, Dkt 39 at PageID.331). In granting Defendant's motion for summary judgment, the Magistrate Judge concluded that "there is no evidence that Plaintiff's transfer resulted in the type of consequences

sufficient to maintain a claim of retaliation" (Dkt 39 at PageID.331). The Magistrate Judge noted that although Plaintiff alleged that he lost his job, he testified in his deposition that he obtained another job following his transfer (*id.*). Plaintiff contends, however, that the loss of his "high paying job" as a result of Plaintiff's transfer, is sufficiently adverse to support Plaintiff's First Amendment claim (Pl. Obj., Dkt 40 at PageID.337).

Plaintiff's objection fails because Plaintiff cites no circumstances showing that the loss of his "high paying job" resulted in adverse consequences sufficient to maintain a claim of retaliation. Plaintiff relies on *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), for his argument that a "transfer to a similar prison that caused the prisoner to lose his high-paying job is sufficiently adverse" (*id.*). However, Plaintiff's reliance is misplaced.

In *Siggers-El*, the Sixth Circuit did not consider the mere loss of plaintiff's high paying job as a sufficiently adverse consequence. *Id.* at 701-702. Rather, the Sixth Circuit noted that the plaintiff "suffered a number of foreseeable consequences that inhibited [his] ability to access the courts": the plaintiff not only "lost his high paying job that he needed in order to pay his attorney, but the transfer also made it more difficult for his attorney to visit with or represent him because he was moved further away from her." *Id.* at 702. Plaintiff's contention that the loss of the "high paying job," in and of itself, is a sufficiently adverse consequence, is without merit (Dkt 40 at PageID. 337, 340). Unlike in *Siggers-El*, Plaintiff establishes no circumstances that resulted in the type of consequences sufficient to maintain a claim of retaliation.

Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Plaintiff's objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Having resolved all claims in this case, the Court will enter Judgment

in favor of Defendants. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 40) is DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 39) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Braman's Motion for Summary Judgment (Dkt 32) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: February 9, 2017                           /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge